**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ZACHARY R. GRAHAM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 21-846 |
| | ) | |
| v. | ) | District Judge Arthur J. Schwab |
| | ) | Magistrate Judge Maureen P. Kelly |
| PENNSYLVANIA DEPARTMENT OF | ) | |
| HEALTH DIVISION OF VITAL RECORDS, | ) | ECF No. 12 |
| | ) | |
| Defendant. | ) | |

**ORDER OF COURT**

Plaintiff, Zachary R. Graham ("Plaintiff"), is a state prisoner currently incarcerated at the State Correctional Institution at Greene ("SCI-Greene") in Waynesburg, Pennsylvania.[1]  Plaintiff initiated this matter by submitting a Motion and Declaration in Support of Motion to Proceed *in Forma Pauperis* ("IFP") and Complaint, which were received by this Court on July 1, 2021. ECF No. 1.  The IFP motion was granted July 8, 2021, ECF No. 3, and the Complaint was filed on July 11, 2021, ECF No. 5.

In the Complaint, Plaintiff raises claims under the Civil Rights Act of 1871, 42 U.S.C. § 1983, Title II of the Americans with Disability Act ("ADA"), 42 U.S.C. § 12132, and the Rehabilitation Act ("RA"), 29 U.S.C. § 794(a), in relation to her attempts to change the gender marker on her birth certificate from "male" to "female."  ECF No. 5 at 7.

On July 16, 2021, United States Magistrate Judge Maureen Kelly issued a Report and Recommendation recommending that Plaintiff's claims be dismissed, *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) as frivolous or malicious, and for failure to state a claim

---

[1] Plaintiff has requested to be referred to using feminine pronouns and appellations.  ECF No. 6. As a matter of courtesy, this Court shall do so.  ECF No. 7.

upon which relief may be granted.  ECF No. 8 at 1.  The Magistrate Judge additionally

recommended that Plaintiff be granted leave to amend her claims under the ADA and RA, as

well as her Fourteenth Amendment claim.  Id.  Petitioner timely filed Objections on

July 30, 2021.  ECF No. 11.  On April 20, 2022, this Court dismissed the Complaint over

Plaintiff's Objections, and adopted the Report and Recommendation as the Opinion of this

Court.  ECF No. 12 at 2.  Plaintiff was granted leave to amend her claims arising under the ADA

and RA, as well as her Fourteenth Amendment Equal Protection claim.  Plaintiff was warned that

failure to file an amended complaint on or before May 18, 2022, may result in dismissal of this

case.  Id.

The Memorandum Order of April 20, 2022 was mailed to Plaintiff at her address of

record on April 20, 2022, and again on May 3, 2022.  As of the date of this Order, Plaintiff has

not filed an amended complaint, nor has she sought an extension of time in this to do so.

A district court has the inherent power to dismiss a case under Rule 41(b) of the Federal

Rules of Civil Procedure for a plaintiff's failure to prosecute or to comply with an order of court.

*Guyer v. Beard*, 907 F.2d 1424, 1429 (3d Cir. 1990).  "Under our jurisprudence, the sanction of

dismissal is reserved for those cases where the plaintiff has caused delay or engaged in

contumacious conduct.  Even then, it is also necessary for the district court to consider whether

the ends of justice would be better served by a lesser sanction."  *Id.*

In *Poulis v. State Farm Fire and Casualty Co*., 747 F.2d 863 (3d Cir. 1984), the United

States Court of Appeals for the Third Circuit set forth six factors to be weighed when

considering whether dismissal of a case as a sanction for failure to prosecute or to obey pretrial

orders.  They are: (1) the extent of the party's personal responsibility; (2) the prejudice to the

adversary caused by the failure; (3) a history of dilatoriness; (4) whether the conduct of the party

or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Id.* at 868. These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. *Hicks v. Feeney*, 850 F.2d 152 (3d Cir. 1988). Consideration of the factors listed above is as follows:

(1) The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter *pro se*, and is alone responsible for prosecuting this case and complying with orders of this Court. Plaintiff is solely responsible for failing to file an amended complaint.

(2) Prejudice to the adversary.

No Defendant in this case has been served. A proper Defendant has not been named. ECF No. 8 at 1. There is no indication that any potential Defendant has been prejudiced unfairly by Plaintiff's conduct.

(3) A history of dilatoriness.

Plaintiff has refused to timely file an amended complaint despite having been ordered to do so. This is sufficient evidence, in this Court's view, to indicate that Plaintiff does not intend to proceed with this case in a timely fashion.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on the record that Plaintiff's conduct with respect to filing an amended complaint was the result of any "excusable neglect," *Poulis, supra.* The conclusion that the failure is willful is inescapable.

(5) Alternative sanctions.

Plaintiff currently is proceeding *pro se*, and there is no indication on the record that the imposition of costs or fees would likely be an effective sanction.

(6) Meritoriousness of the case.

None of the claims in the initial complaint were meritorious, *see* ECF No. 8, and Plaintiff has not filed an amended complaint

Because five of the six *Poulis* factors weigh in favor of dismissal, dismissal is appropriate under Rule 41(b) for failure to prosecute.  Accordingly, the following Order is entered:

AND NOW, this 22nd day of June, 2022,  IT IS HEREBY ORDERED that this case is DISMISSED, WITH PREJUDICE, due to Plaintiff's failure to prosecute.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if Plaintiff wishes to appeal from this Order she must do so within thirty days by filing a notice of appeal as provided in Rule 3 of the Federal Rules of Appellate Procedure.

So ORDERED this 22nd day of April, 2022.

 s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All counsel of record

The Honorable Maureen P. Kelly
United States Magistrate Judge

ZACHARY R. GRAHAM
NP-2097
SCI Greene
175 Progress Drive
Waynesburg, PA 15370